IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERRALD SIMPSON**                                                                                                        **PLAINTIFF**

**VERSUS**                                                                                                                    **NO.:** 3:17cv007-MPM-JMV

**HOME DEPOT U.S.A., INC.**                                                           **DEFENDANT**

                                                                                                      **JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover actual and punitive damages for discrimination based upon race. The following facts support this action:

1.

Plaintiff JERRALD SIMPSON is an adult black resident citizen of 1073 Worthington Drive, Southaven, Mississippi 38671.

2.

Defendant HOME DEPOT U.S.A., INC. is a Delaware corporation, doing business in the State of Mississippi. Defendant Home Depot may be served with process by service upon its registered agent, Corporation Service Company, 2760 I-55 North, Suite 150, Jackson, Mississippi 39211.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action arising under Title VII of the Civil Rights Act of 1964, and under 42 U.S.C. § 1981.

4.

Following a twenty (20) year career with Wal-Mart Stores, Plaintiff left his employment as an assistant manager at Wal-Mart Stores to take a similar position as an assistant manager for Defendant. Plaintiff began work for Defendant in approximately 2013.

5.

Plaintiff is an unusually meticulous and detailed person, and was strict. Plaintiff repeatedly reminded employees about being certain that the work was performed correctly. As a result, some employees disliked Plaintiff.

6.

Whenever there was a dispute regarding whether Plaintiff was being too strict upon his employees, Defendant's store managers, including his most recent store manager, Drew Gentry, invariably sided with white employees. Plaintiff received several counseling sessions essentially claiming that Plaintiff was "rude" to employees. Plaintiff was not rude to employees, but was meticulous in assuring that they performed their jobs.

7.

Defendant has a policy whereby any warnings or writeups on an employee's record drop off after one year. Approximately eleven (11) months and two (2) weeks prior to Plaintiff's termination, Plaintiff received a writeup for failing to assure a door was locked. The employee, Rodney McCraney, who had actually failed to lock the door was not given any disciplinary action.

8.

In approximately December 2015, two (2) white employees inappropriately moved lumber to an area outside the lumber area and into the garden area where it was to be loaded on a customer's

truck. There was no good reason for this move, and the move had the effect of keeping the transactions from being recorded on cameras.

9.

Once the lumber was moved into the garden area, the two (2) white employees asked the customers for a receipt showing that they had purchased the lumber. When the customers could not produce a receipt, white employee Brandy (last name unknown) called Plaintiff to come into the garden area. Upon learning that the customers could not produce a receipt the two (2) associates requested, Plaintiff asked the customers if they would move closer to the building to search for the receipt of the lumbar and to return to the lumber area. Plaintiff did so for safety reasons since there were cameras located in that area. Since the customers claimed to be searching through their glove boxes and under seats in a purported attempt to locate the receipt, Plaintiff feared they could be searching for weapons. Plaintiff, therefore, wished to have the customers move to an area which would be more safe.

10.

Instead of moving their truck into the camera area, the customers drove off. A white employee, without Plaintiff's prior knowledge, called the police to report the apparent theft.

11.

Thereafter, the store manager, Gentry, informed Plaintiff that he was terminated because of the incident. Defendant claimed Plaintiff had violated the store policy by calling the police and by failing to call loss prevention.

12.

In fact, it was not Plaintiff who called the police, but the white employee. Furthermore, two

(2) white employees, David Holloway and Jeffrey Donhart, had improperly allowed the customers to move the material out into the garden area to be loaded. This would have been an improper procedure as well. A third white employee, without Plaintiff's prior knowledge, had called the police.

13.

Plaintiff had violated no work policy, but was terminated. Three (3) white employees all violated store policies but were not terminated.

14.

Furthermore, Plaintiff was terminated when he only had approximately two (2) weeks left before any previous disciplinary record would have dropped off of his record.

15.

A substantial contributing cause in Plaintiff's termination was the racially-based animosity held against Plaintiff by the store manager Gentry. Additionally, Plaintiff was treated differently from white employees who arguably committed an offense, while Plaintiff, a black employee, committed no offense.

16.

Plaintiff has obtained other employment, but now earns less than one-half of what he was earning when he was employed by Defendant.

17.

Plaintiff has suffered lost income, and mental anxiety and stress as a result of his discharge.

18.

The discharge of Plaintiff was based in substantial part upon Plaintiff's race was outrageous

such that punitive damages are due.

19.

Plaintiff filed the EEOC charge, attached hereto as Exhibit "A," and received the right to sue letter, attached hereto as Exhibit "B."

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages in an amount to be determined by a jury, reinstatement, and reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 12th day of January, 2017.

    Respectfully Submitted,

    WAIDE & ASSOCIATES, P.A.


    BY: */s/ Jim Waide*
        JIM WAIDE
        MS BAR NO: 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

Attorneys for Plaintiff