# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JERRALD SIMPSON**

           **Plaintiff**

versus             **CIVIL ACTION: 3:17-cv-00007-MPM-JMV**

**HOME DEPOT U.S.A., INC.**

           **Defendant**

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Defendant, Home Depot U.S.A., Inc. ("Home Depot"), and respectfully submits the following Answer and Affirmative Defenses in response to Plaintiff's Complaint ("Complaint") filed in this action.

The first unnumbered paragraph of Plaintiff's Complaint does not require a response from Home Depot, but out of an abundance of caution, Home Depot denies that it discriminated against Plaintiff based on his race.

1.    Home Depot admits that Plaintiff is an adult African-American man. Home Depot denies the remainder of Paragraph 1 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

2.    Home Depot avers that the address for its registered agent for service of process is 5760 I-55 North. Home Depot admits the remainder of Paragraph 2.

3. Home Depot admits this Court has jurisdiction. Home Depot denies violating Title VII of the Civil Rights Act of 1964 or 42 U.S.C. 1981.

4. Home Depot avers Plaintiff began his employment in May of 2013 as an Assistant Store Manager in Training and ultimately became an Assistant Store Manager. Home Depot denies the remainder of Paragraph 4 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

5. Home Depot denies Paragraph 5 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

6. Home Depot avers that Plaintiff was issued several written counselings during his employment. Home Depot denies the remainder of Paragraph 6.

7. Home Depot denies Paragraph 7 as written.

8. Home Depot denies Paragraph 8.

9. Home Depot denies Paragraph 9 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

10. Home Depot admits the customers drove off. Home Depot denies the remainder of Paragraph 10.

11. Home Depot admits Plaintiff was terminated. Home Depot denies the remainder of Paragraph 11 as written.

12. Home Depot avers that Plaintiff, a salaried manager, instructed the hourly employee to call the police. Home Depot denies the remainder of Paragraph 12.

13. Home Depot denies Paragraph 13.

14. Home Depot denies Paragraph 14.

15. Home Depot denies Paragraph 15.

16. Home Depot denies Paragraph 16 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

17. Home Depot denies Paragraph 17.

18. Home Depot denies Paragraph 18.

19. Plaintiff's EEOC Charge and Right to Sue Letter speak for themselves and are the best evidence of their own content. However, out of an abundance of caution, Home Depot denies Paragraph 19 due to a lack of sufficient information to justify a reasonable belief in the truth therein.

Home Depot denies Plaintiff's Request for Relief, and denies that Plaintiff is entitled to any relief whatsoever.

NOW, stating affirmatively, Home Depot responds as follows:

## **AFFIRMATIVE DEFENSES**

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Home Depot, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Home Depot but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, Home Depot does not admit, in asserting any defense, any responsibility or liability of Home Depot but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to reasonably mitigate his alleged damages as required by law.

**THIRD AFFIRMATIVE DEFENSE**

Home Depot denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages. In the alternative, if liability is established, Home Depot is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had he made a reasonable effort to mitigate his damages as required by law. Home Depot is also entitled to any other additional offsets permissible under all applicable laws.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Home Depot discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after-acquired evidence doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff claims or establishes that he was subject to an adverse employment action or decision, Home Depot asserts that any such action or decision was based solely on legitimate, non-discriminatory reasons unrelated to his race, and Home Depot acted in good faith toward Plaintiff at all times.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are subject to all applicable limitations and caps on the recovery of such damages.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent any injuries alleged by Plaintiff are compensable under or covered by applicable workers' compensation law, the exclusive remedy for some or all of Plaintiff's allegations is workers' compensation.

### EIGHTH AFFIRMATIVE DEFENSE

At all pertinent times, policies and procedures regarding the prohibition, reporting, and/or remediation of unlawful employment practices were in effect with respect to the employment decisions made the subject of this action, and Plaintiff was aware of those policies and procedures. At all pertinent times, Home Depot exercised reasonable care to prevent and promptly correct any alleged unlawful employment practices, and Plaintiff unreasonably failed to either take advantage of preventive or corrective opportunities provided by his employer or to otherwise avoid harm. To the extent Plaintiff alleges he availed himself of any such reporting or complaint procedures, any such report or complaint was promptly and adequately addressed, and appropriate remedial measures were taken if necessary.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred by the defense set forth in <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526 (1999), in that Home Depot has anti-discrimination and anti-retaliation policies, makes reasonable efforts to educate its employees about its anti-discrimination and anti-retaliation policies and the prohibitions of federal and state civil rights laws, and makes reasonable efforts to enforce its anti-discrimination and anti-retaliation policies.

### TENTH AFFIRMATIVE DEFENSE

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

### ELEVENTH AFFIRMATIVE DEFENSE

Notwithstanding Home Depot's general denials and previous affirmative defenses, and without admitting Plaintiff's averments, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, which is denied, then in the alternative Home Depot affirmatively states that it would have taken the same action in the absence of such impermissible motivating factors.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's allegations may be barred by the applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case of race discrimination under federal law and no facts exist to support such claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Home Depot denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer and Affirmative Defenses.

### FIFTEENTH AFFIRMATIVE DEFENSE

Home Depot reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, including in particular the affirmative defenses set forth in Federal Rule of Civil Procedure 8(c), if and when, in the course of its investigation, discovery, or preparation

for trial, they become known or available or it otherwise becomes appropriate to assert such defenses.

Respectfully submitted this the 3rd day of April 2017.

                HOME DEPOT U.S.A., INC.
                BY ITS ATTORNEYS,

                /s/ *Lindsay Thomas Dowdle*
                Lindsay Thomas Dowdle (MS #102873)
                Jones Walker LLP
                190 E. Capitol Street, Ste. 800
                Jackson, MS 39201
                Email:  ldowdle@joneswalker.com

Of Counsel:
Jennifer F. Kogos (LA #25668)
*Pro Hac Vice* to be applied for
David K. Theard (LA # 31987)
*Pro Hac Vice* to be applied for
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 3rd day of April 2017, a true and correct copy of the above and foregoing pleading was served upon the attorney of record by filing the same in the Court's CM/ECF system as follows:

    Jim Waide
    *waide@waidelaw.com*

                /s/ *Lindsay Thomas Dowdle*
                Lindsay Thomas Dowdle